IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NUWEST GROUP HOLDINGS, LLC, | § § § | |
| Plaintiff | § § § | |
| vs. | § § | CIVIL CASE NO. 5:21-cv-1097 |
| MAXIM HEALTHCARE STAFFING SERVICES, INC., | § § § § | |
| Defendant. | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff NuWest Group Holdings, LLC ("Plaintiff" or "NuWest") files this Complaint for Declaratory Judgment and alleges as follows against Defendant Maxim Healthcare Staffing Services, Inc. ("Defendant" or "Maxim").

### I.   NATURE OF THE ACTION

1. NuWest seeks a declaratory judgment finding that it is not liable for (1) misappropriation of trade secrets belonging to Defendant and (2) it has not tortiously interfered with an enforceable contract between Defendant and Thomas Mata or any other person.

2. NuWest and Maxim are competitors each are participating in an ongoing federal solicitation for proposals regarding medical staffing services to be provided to the U.S. Immigration and Customs Enforcement agency ("ICE"). Specifically, to provide on-site medical staffing services for health care services to be provided to ICE residents and detainees at clinical sites established by ICE.

3. In September 2021, NuWest briefly hired Maxim's former employee, Thomas Mata ("Mata").

4.      Since October 2021, Maxim has alleged, without evidence, that NuWest has misappropriated its trade secrets by way of Mata's conduct and that NuWest has tortiously interfered with Maxim's alleged employment agreement with Mata. Maxim recently used these false and speculative allegations to an obtain a Temporary Restraining Order ("TRO") from a Texas state court in Kendall County, Texas, against NuWest and Mata.

5.      However, after obtaining the TRO, Maxim abruptly nonsuited its own lawsuit—just days before a hearing was to be held on a Maxim's own request for a temporary injunction ("TI"). Maxim stated that it intended to refile its claims in federal court.

6.      NuWest brings this action because Maxim's speculative and litigious conduct appears calculated to cause disruption to NuWest's business activities, namely its pursuit of a specific government contract that Maxim is also pursuing. Because NuWest has not engaged in any of the illegal conduct claimed by NuWest, it now seeks a declaratory judgment establishing that it has not tortiously interfered with Maxim's contract and it has not misappropriated Maxim's trade secrets.

## II.     PARTIES

7.      Plaintiff NuWest Group Holdings, LLC is a limited liability company organized under the laws of the State of Washington with its principal place of business in the State of Washington. Defendant Maxim Healthcare Staffing Services, Inc. is a foreign for-profit corporation organized under Maryland law and is doing business in Texas. Maxim's headquarters are located at 7227 Lee Deforest Drive, Columbia, Maryland 21046. Maxim may be served with process via its registered agent for service of process, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

### III.   JURISDICTION AND VENUE

8.   Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

9.   Diversity jurisdiction exists because (a) there is complete diversity of citizenship between Plaintiff NuWest and Defendant Maxim, and (b) the amount in controversy exceeds $75,000. In court documents filed in Texas state court, Maxim has alleged that the amount in controversy of the underlying dispute exceeds $1 million.

10.   Venue is proper under 28 U.S.C. § 1391(b) and personal jurisdiction is present because a substantial part of the events or omissions giving rise to the claim occurred. More specifically, this District and Division is the location where Mata was employed by Maxim (in Kendall County, Texas), then subsequently employed by NuWest, and this is where the alleged acts of misappropriation and tortious interference with contract are claimed by Maxim to have taken place.

### IV.   FACTS

11.   NuWest is a leading recruiting firm sourcing quality talent across the United States across an array of industries, including medical staffing.

12.   Maxim is a business involved in recruiting and providing medical personnel on a temporary or permanent basis to facilities such as hospitals, nursing homes, government facilities, and other medical and healthcare facilities. Maxim's current or former clients include United States federal agencies.

13.   In early July 2021, the ICE Health Service Corps ("IHSC") announced that it was planning to open a competitive bidding process for health care staffing services to serve more than 20 of ICE's detention facilities across the United States. At the same time, IHSC also announced that it would be hosting an "Industry Day" presentation to explain its plan to putative

contractors interested in submitting proposals.

14. On July 28, 2021, IHSC held a virtual Industry Day presentation and announced that it would be soliciting a "<u>multiple-award</u> Indefinite Delivery Indefinite Quantity (IDIQ) for a period of five years with two, two-year option periods." IHSC stated that its new arrangement would permit a pool of approved contractors to be issued "task orders" for the provision of health care staffing at the various ICE detention centers.

15. IHSC specifically planned to limit any given IDIQ contractor to a maximum of 66% of IHSC's total staffing requirements nationwide (including being designated as a "backup"). IHSC expressly stated its intent to move away from the "single contractor" system that has been in place for more than ten years.

16. The incumbent medical staffing services provider is STG International ("STGi"), which in 2018, won the last competitive bid solicited by IHSC, and it is the exclusive contractor.

17. Maxim also bid for the IHSC contract awarded in 2018 but Maxim lost.

18. Maxim filed a protest with U.S. General Accounting Office ("GAO") and lost its protest on June 25, 2018. In its 11-page decision denying Maxim's protest, the GAO noted, among other things, that "[o]nly two of Maxim's four contract references responded to the customer surveys; both references stated that Maxim had experienced problems with failure to fully staff the requested positions," and that the agency had "substantial confidence" in STGi, but only "satisfactory confidence" in Maxim.

19. In fact, Maxim has never won a competitive bid to provide services to IHSC.

20. Prior to STGi, the last winner of a competitive bid was a company called InGenesis.

21. Maxim's only experience working with IHSC ran from 2014 to 2018, regarding a

single facility in Dilley, Texas ("Dilley"), established to handle a "surge" of migrants entering at the U.S./Mexican border in South Texas.

22. Maxim was awarded a one-year, no-bid contract in 2014 after being sourced by an ICE employee, Joseph Shurina, who formerly served as a Deputy Assistant Director for IHSC. Maxim was able to get a no-bid contract because InGenesis lacked the capacity to fulfill the needs and an emergency executive order issued by the President of the United States permitted the addition of the contractor.

23. The contract was renewed on one-year intervals until Maxim lost the competitive bid to STGi in 2018. In 2018, contemporaneous with Maxim's failure to obtain an award, Maxim ceased serving as a contractor for IHSC.

24. Upon information and belief, in January 2017, Maxim hired Thomas Mata as Maxim's Sr. Program Manager in its Strategic Solutions division. Mata worked for Maxim out of its office and Mata's residence in Boerne, Texas.

25. Upon information and belief, Mata was not involved in Maxim's procurement of the one-facility, no-bid contract for the Dilley, Texas facility, which predated Mata's employment.

26. IHSC's Industry Day held on July 28, 2021 was attended by numerous would-be bidders for the multiple-award IDIQ. Representatives from Maxim, NuWest, STGi, InGenesis, and over 80 other organizations participated in the presentation.

27. One of Maxim's representatives present at the Industry Day was Mata.

28. After the Industry Day presentation, NuWest hired Joseph Shurina to lead its NuWest's pursuit of the IHSC contract as NuWest's Director of Government Services.

29. On September 9, 2021, NuWest also made an offer of employment to Mata for a

job reporting to Shurina.

30. At no time during the screening, hiring, or onboarding process did Mata disclose to NuWest the existence of any restrictive covenant agreements between himself and Maxim. NuWest offered employment to Mata without knowledge that Mata was subject to any such agreement.

31. Mata accepted NuWest's offer, with a start date of September 21, 2021, as well as an agreement that Mata would be permitted to take a pre-planned vacation from October 1, 2021 through October 7, 2021.

32. NuWest hired Mata without knowledge that Mata possessed any information—confidential, trade secret, or otherwise—that belonged to Maxim.

33. In fact, Mata was expressly cautioned, on receipt of his offer letter, that he must "not to bring with [him] any originals or copies of papers, documents, notes or other materials, whether stored electronically or otherwise, which belong to any former employer or which contain any trade secrets or confidential information of any former employer."

34. NuWest did not need, want, request, or accept confidential or trade secret information belonging to Maxim.

35. On October 5, 2021, IHCS released its anticipated RFP on a government website. The RFP carried a "Phase I" response deadline of October 27, 2021 (subsequently extended by two days to October 29) to be followed by oral presentations to ICE, then a winnowing of the field of contenders, and then "Phase II" submissions to be made in January 2022.

36. On October 12, 2021, NuWest received a "cease and desist" letter from Maxim's counsel, asserting that Mata was subject to a non-compete compete agreement and further alleging that Mata "stole confidential and trade secret information related to Maxim's

procurement efforts."

37. Maxim's letter gave no indication as to what the information was but, nonetheless, threatened litigation against NuWest. Nonetheless, NuWest immediately began looking into the claims in the letter.

38. On October 19, 2021, Maxim filed a civil action in the 451st Judicial District Court of Kendall County, Texas, seeking a TRO against Mata and NuWest, alleging that NuWest misappropriated Maxim's trade secrets under the Texas Uniform Trade Secrets Act "TUTSA" and tortiously interfered with its non-compete agreement with Mata. Maxim's Petition did not specify the nature of the trade secrets NuWest allegedly "misappropriated."

39. In fact, all Maxim has ever alleged is that Mata sent certain documents, not described, to his personal e-mail account in the weeks leading up to his resignation.

40. On October 20, 2021, Mata was notified that his employment with NuWest was being terminated.

41. On October 27, 2021, the Kendall County court entered a TRO. As it pertains to NuWest, it: "Restrict[ed] NuWest from directly or indirectly using or divulging, or threatening to use or divulge, for any reason, Maxim's trade secrets and confidential information obtained from Mata or acquired by Mata from Maxim."

42. The restriction in the TRO was substantially narrower than the relief Maxim originally sought against NuWest.

43. NuWest abided by the TRO and prepared for the upcoming hearing for Maxim's request for temporary injunction.

44. The Kendall County court set a hearing on Maxim's application for temporary injunction as of Tuesday, November 9, 2021, at 9:00 a.m.

45. On Friday November 5, 2021, Maxim filed a pleading with the Kendall County court announcing that "Maxim Healthcare Staffing Services, Inc., hereby voluntarily nonsuits and dismisses without prejudice all claims against defendants Thomas Mata and NuWest Group Holdings, LLC."

46. Following the filing of its non-suit, Maxim notified the Court's administrator that, "In light of the exigent circumstances here and the Court's busy docket, we have filed the attached notice of nonsuit without prejudice and will be pursing relief in federal court."

## CAUSE OF ACTION: DECLARATORY JUDGMENT

47. Plaintiff NuWest re-alleges and incorporates paragraphs 1 through 47 above as if fully set forth herein.

48. Plaintiff NuWest has not violated the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. AND REM. CODE § 134A.002, in its conduct towards Maxim, with respect to Maxim's allegations concerning violation of TUTSA, and NuWest has not violated any other statute, state or federal, protecting against misappropriation of trade secrets.

49. Plaintiff has not tortiously interfered with an enforceable contract between Maxim and Mata, or between Maxim and any other party.

50. Declaratory relief is necessary and appropriate in this case because Maxim's allegations place a cloud of uncertainty over Plaintiff's business activities related to its ongoing personnel practices and with respect to the legitimacy of its participation in the ongoing IHSC award process.

51. Pursuant to 28 U.S.C. §§ 2201-2202, NuWest is entitled to a declaratory judgment that it is not liable for any violation of TUTSA or for tortious interference with contract as a result of its brief employment of Mata.

## REQUEST FOR RELIEF

52. NuWest respectfully requests the following relief:

   a. A declaratory judgment that NuWest is not liable for any violation of the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. AND REM. CODE § 134A.002, in its conduct towards Defendant Maxim Healthcare Staffing Systems, Inc.

   b. A declaratory judgment that NuWest is not liable for tortious interference with a contract between Maxim any other person, including Thomas Mata;

   c. An award to NuWest of its reasonable attorneys' fees and costs as may be permitted by law; and

   d. For such other and further relief that the Court deems just and proper.

DATED: November 8, 2021.

Respectfully submitted,

/s/ Jason R. Elliott
Jason R. Elliott
Texas Bar No. 24050558
JElliott@perkinscoie.com
M. Alexander Pratt
Texas Bar No. 24105953
AlexanderPratt@perkinscoie.com

**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7773

**ATTORNEYS FOR PLAINTIFF NUWEST GROUP HOLDINGS, LLC**